## William H. Wyles *vs.* William Beals, Jr.

An assignment made by partners of all their joint property, to a trustee, to be distributed among the creditors of the firm, who shall become parties thereto, in the same manner as it would have been appropriated in proceedings under the insolvent laws, and which provides for the discharge of the debts of such creditors, and authorizes the assignee to pay off all liens on the property assigned, is repugnant to the spirit and provisions of the insolvent laws, and therefore void, as against any creditor who does not become a party thereto.

Scire facias against the defendant as trustee of Hobart & Briggs. The case was submitted to the court upon a statement of facts, the material part of which was as follows:

Aaron Hobart and Lucius H. Briggs, merchants and copartners in Boston, under the firm of Hobart & Briggs, on the 9th of November 1850, having failed in business, made an assignment of all their partnership property to the defendant. The indenture of assignment recites that the assignors, as copartners, are indebted to various persons, and that it has been agreed that they shall transfer to the defendant all the property belonging to them jointly, in trust for the payment and discharge of said debts. The assignors then, " in consideration of these presents, and of one dollar to them paid " &c. " and of the covenants, conditions and releases herein contained," assign all their partnership property to the defendant, in trust to collect and receive, sell and dispose of, the same, as in his best judgment shall be most for

20 *

the interest of all concerned; and after deducting costs and ex penses "then in trust to appropriate the residue of said trust moneys to and among the parties hereto, precisely in the same manner as the same would have been appropriated, if the granted premises had been assigned to him, by virtue of proceedings had under the laws now in force in this commonwealth for the relief of insolvent debtors and the more equal distribution of their effects." Then follow the usual powers to demand, sue for, submit to arbitration, compromise, &c. and a covenant for further assurance; and the defendant's acceptance of the trust. And the creditors executing the assignment accept the granted premises in full payment, satisfaction and discharge of all their debts. "And the said party of the second part is hereby authorized, if he thinks best, to pay off, from out of the trust funds, any mortgages, pledges or liens, existing upon any of the property assigned." The assignment finally provides that "if the parties of the first part shall, upon their own petition, or the petition of any creditor, be declared insolvent under the aforesaid insolvent laws, then these presents shall be utterly void, and the execution thereof by said parties of the first part shall not be considered by any other of the parties hereto as violating or intending to violate the provisions of said laws, so as to affect the right of the parties of the first part, or either of them, to a discharge under and by virtue thereof."

This indenture of assignment was executed by nearly all the creditors of Hobart & Briggs. But the plaintiff, who was one of their creditors, did not execute the assignment, but subsequently brought his suit against them in the court of common pleas for the county of Suffolk, and summoned the defendant as their trustee, and obtained a judgment, upon which this writ of *scire facias* was duly brought.

All the property of Hobart & Briggs passed into the hands and possession of the defendant, who proceeded to convert the same into cash, and has paid, out of the same, to the creditors who executed the assignment, a dividend on their claims; and still has in his hands a considerable amount of said property, but not sufficient to pay the parties to the assignment in full.

If, upon the foregoing facts, it shall appear to the court that the defendant is chargeable as trustee of Hobart & Briggs, judgment is to be rendered for the plaintiff; otherwise, for the defendant.

This case was argued and decided at March term 1853.

*A. B. Ely*, for the plaintiff. This assignment is not good at common law; for the common law in that behalf had been repealed by the insolvent laws, which the assignment itself recognizes in terms. The common law was repealed by *St.* 1836, c. 238. *Daviess* v. *Fairbairn*, 3 How. 645. *Commonwealth* v. *Cromley*, 1 Ashm. 179. *Commonwealth* v. *Cooley*, 10 Pick. 39. *Bartlet* v. *King*, 12 Mass. 545. *Nichols* v. *Squire*, 5 Pick. 169. The *St.* of 1836, c. 238, was repealed by *St.* 1838, c. 163, without reviving the common law; and if by any means the common law had not been previously entirely repealed, the revision of the whole subject by the *St.* of 1838 repealed all prior laws in that behalf, whether common or statute. *Carter* v. *Sibley*, 4 Met. 298. *Commonwealth* v. *Marshall*, 11 Pick. 351. *Commonwealth* v. *Churchill*, 2 Met. 122, 123. *Gorham* v. *Luckett*, 6 B. Monr. 146. Assignments at common law can have no more vitality or force than assignments under the *St.* of 1836, which have been declared void. *Springer* v. *Foster*, 2 Story R. 386.

This assignment is void, as contrary to the provisions and policy of the insolvent laws. Its terms show that it was intended to evade and control the statute, and would arbitrarily coerce the action of the creditors and deprive them of rights actually accorded to them by law. *Widgery* v. *Haskell*, 5 Mass. 152. *Harris* v. *Sumner*, 2 Pick. 135. *Platt* v. *Brown*, 16 Pick. 553.

If not absolutely void, this assignment cannot hold against an attaching creditor. *Hopkins* v. *Ray*, 1 Met. 79.

*W. Dehon*, for the defendant. The assignment in question was a valid assignment at common law. *Hatch* v. *Smith*, 5 Mass. 42. *Russell* v. *Woodward*, 10 Pick. 408. *Everett* v. *Walcott*, 15 Pick. 94. *Halsey* v. *Whitney*, 4 Mason, 222. An assignment, valid at common law, is not void as against the insolvent law of 1838, unless the remedy provided by that law is

invoked to set aside the assignment. *Carter* v. *Sibley*, 4 Met. 298. *Adams* v. *Blodgett*, 2 Woodb. & M. 233. *Atkins* v. *Spear*, 8 Met. 490. *Buckingham* v. *McLean*, 13 How. 151. *Andrews* v. *Ludlow*, 5 Pick. 28. The defendant admits that he may be held under this process to pay the plaintiff his *pro rata* dividend. *Andrews* v. *Ludlow*, and *Adams* v. *Blodgett*, above cited.

SHAW, C. J. We are inclined to the opinion, that by the common law of Massachusetts, as it stood prior to 1836, this assignment would be bad; but, passing over all other objections, the court are of opinion, that this assignment is void against creditors, as being repugnant to the spirit and provisions of the insolvent laws, embracing as well *St.* 1836, *c.* 238, regulating assignments, as *St.* 1838, *c.* 163, and the numerous acts in addition thereto. A question has been made, whether the assignment law of 1836 is repealed by the insolvent law of 1838. In most respects it is; for, though the former is not repealed in terms, it is repealed so far as it is repugnant to, or inconsistent with the latter; and as in most respects both had the same object in view, and acted upon the same persons and subjects, the latter, by providing ampler and more practical and specific means to accomplish the same end, is incompatible with, and so does repeal, the former. In one marked line of policy they concur, which is, that to make an assignment by an insolvent valid, it shall embrace all his property, not exempted by law, and shall be so appropriated as to admit all creditors to an equal share in the distribution. If, with this object in view, the latter has repealed the former, it is because it has made a step in advance in the same line of public policy, and taken its place. It is unnecessary therefore to distinguish them. We think this assignment repugnant to these insolvent laws, in various particulars.

1. It is an assignment by partners, and does not purport to transfer their whole property, but only their partnership property; it does not purport to transfer their separate property, nor allege, nor does it elsewhere appear, that they had no separate property; and yet it provides for a discharge of their entire partnership debts, from the execution of the instrument.

. The separate property of partnership debtors is liable for their

joint debts. A rule has been adopted for practical use, that when the joint and separate estates are in a course of administration at the same time, as between the different classes of creditors, partnership property shall first be applied to pay partnership debts, and separate property to the separate creditors of each partner; yet, as between debtor and creditor, each partner is liable, and his whole separate property chargeable, as well for his partnership as his several debts. It not unfrequently happens, that a man of ample means and credit enters into partnership with a person, supposed to have capacity for business, but with little or no property. Credit is given to a partnership, on account of the known amount of the separate property of one of the partners, each being liable *in solido* for the whole of each partnership debt. Under such an assignment as this, partners might obtain a full discharge from all partnership demands, whilst one or both of them has property, which the law makes chargeable with those debts, and which is sufficient to pay them.

2. It does not avoid attachments, but, on the contrary, authorizes the assignee to pay off all liens in full. Whereas the insolvent laws provide that all attachments on the property of the debtors, shall be dissolved, except when it is for the benefit of the general creditors that they should be preserved.

3. It makes no provision for defeating preferences, effected by payments, pledges, collusive attachments and other means.

4. It takes from creditors the appointment of assignees, and places the power in the appointees of the debtor, who are not under the responsibilities resting on assignees under the insolvent laws.

5. If such an assignment is valid, and passes the property to the assignee, it defeats the right of creditors to proceed *in invitum*, under *St.* 1838, *c.* 163, § 19.

6. It defeats the right of creditors to require conveyances in aid of the assignment, to have a voice in the question of the discharge of the debtor, and more especially, to have a full examination of the debtor under oath, which might secure to creditors property which might not otherwise be disclosed, and which could not be reached by attachment.

7. It takes away the superintending power of magistrates and officers, appointed by law, to see to a full surrender and an honest administration of the assets, and a fair, general and equal distribution amongst creditors.

8. It is inconsistent with the fundamental principle of the insolvent laws, that the debtor shall give no preferences to particular creditors, and that the whole of the debtor's property shall be equally distributed amongst all his creditors, and that upon these conditions only shall the debtor be released from his debts.

It is no satisfactory answer, that by the trusts of this assignment, the appropriation was to be made to and amongst the parties thereto, in the same manner as it would be made by the insolvent law. If it proposed to pay a dividend to creditors, not parties to the assignment, it would be void as to other creditors, by the old law. *Widgery* v. *Haskell*, 5 Mass. 144. *Parker* v. *Kinsman*, 8 Mass. 486. If it does not provide for a dividend to creditors not parties, it does not provide for an equal distribution.

But even if a distribution could be made in exact conformity with the provisions of the insolvent laws, it would afford little aid in support of this assignment, which in its whole character is opposed to the policy, spirit and principles of the insolvent laws, which repeal all laws inconsistent with their provisions.

It cannot affect our decision, that the consequence in this case will be, that an individual creditor will get his whole debt, against this assignment. It is, or has been, in the power of other creditors to institute compulsory proceedings, under § 19 of *St.* 1838, *c.* 163, so as to bring the estate under the operation of the insolvent laws, and thus effect an equal distribution of the assets.          *Judgment for the plaintiff.*